19505

The STATE, Respondent, v. Dennis ROGERS, Appellant.

(192 S. E. (2d) 198)

*E. C. Burnett, Jr., Esq.,* of Spartanburg, *for Appellant,*

*Messrs. John H. Nolen, Sol.,* and *Milton A. Smith, Asst. Sol.* of Spartanburg, *for Respondent,*

October 24, 1972.

Lewis, Justice:

Upon appellant's trial for assault and battery with intent to kill, the trial judge refused timely requests that the issue of self defense be submitted to the jury under appropriate instructions. Appellant was convicted of assault and battery of a high and aggravated nature, from which he has prosecuted this appeal. The sole question to be decided is whether the lower court erred in refusing to submit the plea of self-defense as an issue in the case.

This prosecution arose out of an incident which occurred about five o'clock, a.m., at the trailer in which appellant's girl friend (Virginia) lived. Appellant and Virginia had been away for most of the night and returned to the trailer about five o'clock, a. m., to find one of Virginia's old boy friends (Frank Sembera) waiting in his parked automobile. A difficulty ensued between Sembera, Virginia, and appellant, resulting in Virginia receiving a severe blow to the face and appellant shooting Sembera in the foot. After being shot, Sembera ran from the scene, leaving his automobile.

Shortly after Sembera ran away, a car stopped nearby, with its lights on, and, according to appellant, two boys got out and started running towards the trailer where appellant was in the process of putting Virginia in the car to take her to a doctor. There were four boys in the car, two eighteen

and two sixteen years of age. Upon seeing the two approaching, appellant fired one shot in the direction of the boys, hitting the prosecuting witness, Larry Blackwell, who had remained seated in the automobile. The boys immediately ran back to their car and, finding that Blackwell had been injured, carried him to the hospital.

The boys who came upon the scene had no connection or acquaintance with Frank Sembera who had just previously been shot in the foot by appellant, and knew nothing of that difficulty. They stopped, as they testified, because of the cries of Virginia for help, which they heard in passing. They had no weapons, made no threats and intended to harm.

Appellant is prosecuted in this case for shooting Larry Blackwell, age sixteen, one of the young men who came to the scene immediately after appellant had shot Frank Sembera in the foot. If the prosecution were for shooting Sembera, it is conceded that there would be a factual basis for a plea of self defense by appellant because, there is testimony that Sembera was advancing upon appellant with a knife. The question here however is whether there was any testimony from which it might be reasonably inferred that appellant was acting in self defense when he subsequently shot the prosecuting witness, Larry Blackwell.

The plea of self defnse was based upon the contention that the circumstances were such as to have caused a reasonable belief on appellant's part that the two boys approaching him were connected with Frank Sembera, whom appellant had just shot, and that he was in danger of suffering serious bodily harm from them. Appellant tetsified that it was dark and that he could not tell who the boys were. He had just had a difficulty with Sembera, who had fled, and he said that he was afraid. He argues that, when he saw the two boys approaching, in the dark, he had reasonable basis for a belief that they were friends of Sembera and intended to pursue the difficulty.

The testimony of appellant shows that he did not shoot the prosecuting witness in self defense. Appellant testified

that he did not know who the boys were; that the only shot fired by him in their direction was aimed "down at their feet"; and that he had no intention of hurting anybody. The shot fired by him was, under his statement, in the nature of a warning and not because of any apprehension of immediate bodily harm. In this connection, he stated: "I didn't fire at anyone in particular. I fired in the ground towards the automobile. I wasn't firing to hit anybody. *I just figured I would give them a chance to get gone.*" (Emphasis added.)

Since there was no evidence to sustain the plea, the trial judge properly refused to instruct the jury as to self defense.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.